UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FORT LAUDERDALE DIVISION

CASE NO. _____

GUANGDONG GALANZ MICROWAVE
OVEN AND ELECTRICAL APPLIANCES
MANUFACTURING CO., LTD.,
GUANGDONG GALANZ MICROWAVE
ELECTRICAL APPLIANCES
MANUFACTURING CO., LTD., AND
ZHONGSHAN GALANZ CONSUMER
ELECTRIC APPLIANCES CO., LTD.,

    Plaintiffs,

v.

SUNBEAM PRODUCTS, INC.,

    Defendant.

## COMPLAINT

Plaintiffs, which will collectively be referred to as "Galanz," bring this case against Sunbeam Products, Inc. ("Sunbeam"), in order to prevent it from terminating a Trademark License agreement without lawful basis, and alleges as follows:

## INTRODUCTION

1. This case concerns Sunbeam's inappropriate termination of a 2020 Trademark License Agreement (the "License Agreement") pursuant to which Galanz licenses the Oster and Sunbeam marks for use on microwave ovens and other products (the "Licensed Products").

2. This is not Sunbeam's first threat to inappropriately terminate the License Agreement. In October 2020, Sunbeam threatened to terminate the License Agreement if Galanz did not agree to stop manufacturing certain ovens, which, according to Sunbeam, violated a

separate agreement pursuant to which Galanz manufactured toaster ovens for Sunbeam to sell. Galanz moved for a preliminary injunction in a case between the same parties as here seeking to prevent Sunbeam from wrongfully terminating the License Agreement, arguing that Sunbeam could not terminate that Agreement based on an alleged violation of an unrelated agreement.  After filing the motion, Sunbeam agreed not to terminate the License Agreement based on the alleged breach of the Supply Agreement and Galanz withdrew its motion for a preliminary injunction. The earlier action— Galanz Microwave Electrical Appliances Manufacturing Co., Ltd., et al. v, Sunbeam Products, Inc., CASE NO. 1:20-cv-62117-AHS—will be referred to as the '117 Case".

3.	Sunbeam has now threatened to terminate, and on August 27, 2021, purported to terminate, the License Agreement on grounds that were not raised in its first threat.  Galanz made an Emergency Motion in the '117 Case that will be heard by the Court on September 8, 2021 (the "Emergency Motion").

4.	Galanz brings this case out of an abundance of caution as Sunbeam has argued that Galanz' Emergency Motion is not properly before the Court in the '117 Case as there is no pleading in the '117 Case addressing Sunbeam's August 27, 2021 purported termination of the License Agreement.  In order to ensure that the pressing issue relating to Sunbeam's August 27 termination of the License Agreement is heard in a timely manner, Galanz submits this pleading and incorporates by reference the following docket numbers from that case such that its Emergency Motion may also be heard in this case: DE 8, DE 24, DE 60, DE 64 (including Exhibits 1-9), DE 65, DE 66, DE 67, and DE 68.

## PARTIES

5. Plaintiffs are commonly owned companies that manufacture home appliances including microwave ovens, refrigerators, dishwashers, ranges, and washing machines. Each of Plaintiffs are Chinese limited liability companies with their principal place of business in Guangdong Province, China.

6. Sunbeam is a Delaware corporation with its principal place of business at 2381 Executive Center Drive, Boca Raton, Florida. Upon information and belief, Sunbeam primarily sells finished goods it purchases from third party manufacturers and licenses its name for others to place on sundry items.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§1332 as the amount in controversy is in excess of $75,000 and there is complete diversity between the parties. Venue is properly found in this Court pursuant to 28 U.S.C. § 1391 because Defendant resides in this judicial district.

## FACTS

**The trademark License Agreement.**

8. Since 2008 Sunbeam has licensed its *Sunbeam* and *Oster* trademarks to Galanz or Galanz affiliates for use on microwave ovens. Apparently pleased with Galanz' performance over a twelve-year period, Sunbeam entered into the January 1, 2020 License Agreement pursuant to which, among other things, Sunbeam licensed those marks for use on microwave ovens and refrigerators.

9. In accordance with the License Agreement, Galanz has manufactured microwave ovens and refrigerators bearing the *Sunbeam* and *Oster* trademarks for sale into the United States

(the "Territory"). Its customers include Target, BJ's Wholesale, and BrandsMart.  In 2020. Galanz sold 1,214,869 units of Licensed Products and 736,442 units through July 2021.  Since 2014, Galanz has sold 9,442,208 units.

10. Galanz has orders in hand for 220,169 units of Licensed Products, all of which are to be delivered in the next five months.

**Sunbeam's first threat to terminate the License Agreement.**

11. In September 2020, a dispute arose between Galanz Microwave Electrical and Sunbeam concerning an unrelated agreement between the parties pursuant to which Galanz Microwave Oven manufactured products for sale to Sunbeam (the "Supply Agreement"), resulting in Sunbeam commencing an action titled Sunbeam Products, Inc. v. Guandong Galanz Microwave Electrical Appliances Manufacturing Co., Ltd., CASE NO. 1:20-cv-23822-KMW.  Sunbeam has since dismissed that lawsuit.

12. On October 12, 2020, Sunbeam threatened to terminate the License Agreement if Galanz did not agree to Sunbeam's demands relating to the dispute over the Supply Agreement.

13. At that time, Sunbeam had no basis for terminating the License Agreement under Section 10 of Schedule A because Galanz complied with all its obligations thereunder and Sunbeam had never claimed otherwise.  Any termination of the License Agreement by Sunbeam was therefore without basis and in breach of the License Agreement.

14. On October 16, 2020, Galanz commenced the '117 Case in which it sought injunctive relief preventing Sunbeam from terminating the License Agreement and filed a Motion for a Preliminary Injunction based upon Sunbeam's threat to terminate the License Agreement.

15. Sunbeam recanted on its threat and Galanz agreed to withdraw its Motion for Preliminary Injunction on December 14, 2020.

**Sunbeam's second attempt to terminate the License Agreement.**

16. On August 27, 2021, Sunbeam again threatened to terminate the License Agreement, claiming that Galanz was selling Licensed Products outside of the United States and Canada (the Territory) and to unauthorized channels. Later that day, Galanz filed the Emergency Motion in the '117 Case, seeking to prevent Sunbeam from terminating the License Agreement. Later that day, Sunbeam terminated the License Agreement. Sunbeam made two claims, each of which was false.

**Sunbeam's claim that Galanz was selling product to entities that it knew or had reason to believe were selling outside the territory.**

17. Sunbeam claims that Licensed Products were sold out of the licensed territory—the United States and Canada. The License Agreement provides that Galanz may not sell Licensed Products "to any person or entity that Licensee knows or has reason to know intends or is likely to sell such Licensed Products outside the Territory." (Section 2.4 of Schedule A).

18. Galanz had no reason to believe that any Licensed Products bearing the Sunbeam or Oster trademarks would be sold by distributors outside of the United States or Canada.

**Sunbeam's claim that Galanz is selling to unauthorized channels.**

19. The License Agreement provides that Galanz may not "sell Licensed Products to any person or entity that [Galanz] knows or has reason to know intends or is likely to sell such Licensed Products outside of the Authorized Channels." (Section 2.3 of Schedule A).

20. Sunbeam claims that Galanz is violating this restriction by selling Licensed Products to distributors. But the License Agreement does not restrict Galanz from using distributors but rather only restricts the types of retailers that products can be sold to. This is in contrast to the 2008 and 2010 License Agreements both of which restricted sales to approved

5

distributors. Moreover, Sunbeam has always known that Galanz uses distributors. For example, Galanz sells Licensed Product to Galanz America, which distributes those Products to others.

## COUNT I – DECLARATORY JUDGMENT

21.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1- 20 above as if fully set forth herein.

22.     Galanz brings this action within the jurisdictional limits of this Court, seeking a declaratory judgment, pursuant to §86.011, Florida Statutes and the Declaratory Judgment Act, 28 U.S.C. § 2201(a).

23.     A dispute and actual controversy have arisen as to rights of the parties involved therein regarding the parties' License Agreement and Sunbeam's purported termination of the License Agreement based upon on its terms.

24.     Plaintiffs have a present, *bona fide* and practical need for the declaration as a determination will directly affect its rights under the License Agreement, which Sunbeam has elected to terminate.

25.     Plaintiffs seek a declaration that Sunbeam did not have the right to terminate the License Agreement and that such agreement remains in full force and effect.

26.     Accordingly, Galanz is without an adequate remedy at law and will suffer irreparable harm if the requested relief is not granted.

27.     The relief sought relates to an actual controversy as to Sunbeam's right to terminate the License Agreement.

## **COUNT II – BREACH OF CONTRACT (WRONGFUL TERMINATION OF LICENSE AGREEMENT)**

28. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1-27 above as if fully set forth herein.

29. Galanz and Sunbeam entered into the License Agreement.

30. As set forth above, Sunbeam has breached the License Agreement by terminating the License Agreement with no basis.

31. Galanz has fully performed all its obligations under the License Agreement.

32. As a result of Sunbeam's breach of the License Agreement, Galanz has and continues to suffer damages in an amount to be determined at trial but in no event less than $75,000.

**WHEREFORE**, Plaintiffs request a Judgment in favor of Plaintiffs:

a. Declaring that Sunbeam did not have the right to terminate the License Agreement and that such Agreement is in full force and effect;

b. Permanently enjoining Sunbeam from terminating the License Agreement;

c. Awarding damages against Sunbeam for its wrongful termination of the License Agreement including pre-judgment interest and costs;

d. Granting Galanz its attorney fees incurred in connection with this action pursuant to Section 27 of Schedule A of the License Agreement; and

e. For such other and further relief as this Court may deem just and appropriate.

| | |
|---|---|
| Dated: September 3, 2021 | **BLANK ROME LLP**<br><br>*/s/ Anthony R. Yanez*<br>Anthony R. Yanez (Florida Bar No. 45219)<br>ayanez@blankrome.com<br>Broward Financial Centre<br>500 East Broward Boulevard \| Suite 2100<br>Fort Lauderdale, FL 33394<br>Tel.:   954.512.1800<br>Fax:   954.512.1818 |